UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 15-20774

v.

Hon. John Corbett O'Meara

KEITH COLLIER,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION
TO REVOKE ORDER OF DETENTION**

    Before the court is Defendant Keith Collier's motion to review and revoke the order of detention, filed July 1, 2016. The court heard oral argument on July 7, 2016, and took the matter under advisement. For the reasons explained below, Defendant's motion is denied.

    After receiving information that Defendant was involved in drug trafficking, the Drug Enforcement Agency ("DEA") began an investigation in April 2015. On May 21, 2015, DEA agents executed search warrants at Defendant's residence in Farmington Hills, Michigan, as well as at a house on Montana Street in Detroit. At the Farmington Hills address, agents found two handguns and approximately

$200,000 in cash. They also found mail addressed to Collier and a water bill for the Montana Street address. At the Montana Street house, they found a loaded handgun, heroin, crack and powdered cocaine, and Fentanyl, as well as drug packaging materials and latex gloves, zip lock bags, a strainer, rubber bands, tape razors, face masks, a coffee grinder, measuring cups, and cutting agents.

At the time the search warrants were executed, Collier was not at either house and was not arrested. The DEA sent items found at the Montana Street address to the Michigan State Police for DNA testing. On October 2, 2015, the Michigan State Police confirmed that Collier's DNA was found in one of the used face masks.

In the meantime, agents conducted surveillance and spot checks for Collier at the Farmington Hills address. They observed that Collier's blue Cadillac remained parked outside and was collecting dust as though it had not been moved. Agents later learned from a source that Collier was "on the run."

On October 21, 2015, a criminal complaint was filed against Collier and an arrest warrant was issued. Law enforcement was unable to locate Collier to arrest him until November 19, 2015, when he was found in Atlanta, Georgia, after hiding in the basement of a residence.

On December 3, 2015, Collier was indicted on five counts: felon in

possession of two firearms found at the Farmington Hills residence; possession with intent to distribute 100 grams or more of heroin; possession with intent to distribute cocaine; possession of a firearm in furtherance of a drug trafficking crime; and felon in possession of a firearm found at the Montana Street address. The counts charging possession with intent to distribute controlled substances (21 U.S.C. § 841) and possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)) carry a presumption of detention. 18 U.S.C. § 3142(e)(2) and (3).

A detention hearing was held on December 23, 2015, before Magistrate Judge Elizabeth Stafford. At the hearing, the magistrate judge noted that this is a "presumption case" and determined that Collier failed to rebut the presumption of detention based upon his risk of nonappearance. The record before the magistrate judge reflected that Collier absconded from probation in an OWI case on June 2, 2015, a criminal bench warrant for a probation violation had been issued for his arrest, and a second criminal bench warrant was issued in separate case because he failed to appear in a DUI case in July 2015.

In a written order, Magistrate Judge Stafford explained:

For the reasons stated on the record, primarily being that Collier fled to Atlanta, Georgia after his home and alleged stash house were searched, and agents seized over $100,000, distribution quantities of heroin and cocaine, wrapping material and firearms. As a result of that flight, Collier absconded

> from probation and a warrant was issued out of the 47th District Court in Farmington Hills, Michigan, and he failed to appear and another warrant was issued out of the 50th District Court in Pontiac, Michigan. Collier's attorney indicated that he went to Atlanta because he was scared following the previously described searches, but he continues to have reason to fear a long sentence; he currently is facing at least ten years of imprisonment. Under these circumstances, Collier did not rebut the presumption that he is a flight risk.

Docket No. 7 at 3.

Collier seeks review of the detention order, based on "new information." Collier states that he did not intend to abscond from probation in state court, but that he failed to appear because he "started to drink again and could not comply with all the requirements of his probation." Def.'s Br. at 5. Collier also suggests that he was granted permission to travel to Atlanta by his probation officer and that he did not willfully abscond.

The court finds that Collier has not rebutted the presumption of detention. Although Collier may have been granted permission to travel in the past, it is undisputed that two bench warrants were issued for his arrest in state court for his failure to appear. Collier's alcohol abuse appears to increase, rather than diminish, his risk of nonappearance. The court agrees with the Magistrate Judge that Collier's risk of flight, as well as the nature and circumstances of the charged offenses, supports detention.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to revoke

detention is DENIED.

                                                                                s/John Corbett O'Meara
                                                                                United States District Judge

Date:  August 2, 2016

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 2, 2016, using the ECF system.

                                                                                s/William Barkholz
                                                                                Case Manager