UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,

v.

KEITH COLLIER,

                  Defendant.

Case No. 2:15-cr-20774-1

HONORABLE STEPHEN J. MURPHY, III

                  /

**OPINON AND ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR COMPASSIONATE RELEASE [95]**

Defendant Keith Collier moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ECF 95. Defendant argued that the Court should reduce his sentence because he "is in danger [] of the rapid and continuous spread of COVID-19." *Id.* at 1000. Given Defendant's obesity, chronic kidney disease, and hypertension, Defendant asserted that he has an increased "risk for severe illness should he contract COVID-19." *Id.*

The Government responded that Defendant's COVID-19 fears do not warrant a sentence reduction as an "extraordinary and compelling reason" under the First Step Act. ECF 98, PgID 1051–53. After all, Defendant is fully vaccinated from COVID-19. *Id.* at 1053. On that basis, the Court will deny the compassionate release motion.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative

1

remedies, or (2) thirty days have passed since the warden received Defendant's request for the BOP to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). Because Defendant has exhausted his request for compassionate release based on his health, ECF 95-2, PgID 1023, he must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). And third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

But Defendant's claim about health complications from COVID-19 are not extraordinary and compelling. Defendant is fully vaccinated from the COVID-19 virus because he has received both Pfizer vaccine shots. ECF 99, PgID 1061 (under seal). The Pfizer vaccine is highly "effective at preventing COVID-19 in individuals who have not previously contracted COVID-19." *United States v. Toney*, No. 17-20184, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021) (collecting sources on the effectiveness of COVID-19 vaccines). Because Defendant has been vaccinated against COVID-19, "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). Indeed, Courts in the Eastern District of Michigan routinely refuse to find that a fully vaccinated prisoner has an extraordinary and compelling reason for release because of their fear of contracting

3

COVID-19. *United States v. Gilmore*, No. 17-20519, 2021 WL 1295360, at *5 (E.D. Mich. Apr. 7, 2021); *United States v. Miller*, No. 13-20928, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021); *United States v. Gabbard*, No. 18-20039, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021); *United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2–3 (E.D. Mich. Mar. 9, 2021). On that basis, the Court will deny the compassionate release motion because Defendant has not shown that there are any extraordinary and compelling reasons for release.

**WHEREFORE**, it is hereby **ORDERED** that the emergency motion for compassionate release [95] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 21, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 21, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager